**SIMON D. HAYSOM (SH3078)**
Simon Haysom LLC
One Railroad Ave
P.O. Box 487
Goshen, New York 10924
(845) 294-3596

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X          Case No. 09-36624
**In re,**

 **Moshe S. Frankel**                                                       Chapter 13
              **Debtors.**

-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND PLAN BEYOND 36 MONTH PERIOD

11 U.S.C. § 1322 (d) (2) states that a plan may not if the debtors income is below the state median extend:

> "…longer than three years, unless the Court, for cause, approves a longer period, but the Court may not approve a period that is longer than five years"

### POINT ONE: LONGER PERIOD ENHANCES FEASIBLITY

Feasibility is one of the most crucial tests of the confirmability of a plan. 11 U.S. C. §1325 (a) (6) prohibits a plan that is beyond a reasonable assessment of the debtor's ability. For example, a sixty-month plan, by reducing the monthly plan payment by 40 percent in the case of a distressed debtor, considerably enhances the likelihood of a successful completion of a Chapter 13 plan.

In re Masterson, 147 B.R. 295 (D. N. H. 1992) (cause found - debtor unable to cure arrearages in shorter time); General Motors Acceptance Corp. v. Chapman, 135 B.R. 11 (N.D.P. a 1990). (Debtors needed the full sixty month period in order to pay IRS); In re Fries, 68 B.R. 676 (E.D. Pa.1986) (cause found when plan period longer than 36 months enables payment of unsecured claims at 20 percent, priority claims and secured claims). Therefore extension serves both creditor and debtor interests.

In many jurisdictions the extension beyond 3 years is routinely allowed, without a separate hearing. 3 Keith M. Lundin Chapter 13 Bankruptcy § 201.1. (3rd ed. 2002). This is the practice in the Courts of the Southern District of New York (absent an objection).

Indeed, many courts have taken the view that permission to extend the plan beyond 3 years should be freely given when any reasonable justification has been offered by the debtor. In re Weiss, 251 B.R. 453, 456 (E.D. Pa. 2000). For those cases where the debtor's income exceeds the presumption amounts of § 707 (b), the 5 year maximum is mandated. 11 U.S.C. 1322 (d) (2).

## **CONCLUSION**

For these reasons it is submitted that extension of the plan beyond the 36-month period for "cause" is justified pursuant to 11 U.S.C. § 1322 (d) (2).

Respectfully submitted,

/s/ Simon D. Haysom

_____

Simon D. Haysom (SH 3078)
Simon Haysom LLC
One Railroad Ave.
P.O. Box 487
Goshen, New York 10924